# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANTONIO GUTIERREZ,

    Petitioner,

v.                                                            Civ. No. 21-cv-0562 WJ-KRS
                                                                     CR No. 12-cr-2222 WJ-KRS

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Antonio Gutierrez's Motion to Modify the Terms of Imprisonment Pursuant to 18 U.S.C. § 3582 (CR Doc. 225; CV Doc. 1) (Motion). Gutierrez asks the Court to reduce his federal sentence for producing child pornography, arguing dementia may have impacted his behavior. The Court construes the Motion as an unauthorized successive 28 U.S.C. § 2255 habeas petition and will dismiss the matter for lack of jurisdiction.

## BACKGROUND

In 2011, Gutierrez purchased a cellular phone for his sixteen-year-old daughter in a scheme to obtain nude photographs. He purportedly told her the "first month was free" and then coerced her to provide nude photographs to "pay for the bill." (CR Doc. 1 at 5-6). Police raided Gutierrez's residence in 2011 or 2012 and found the photographs on his laptop computer, digital camera, and cellular phone. Gutierrez was charged with three counts of producing child pornography in violation of 18 U.S.C. §§ 2251(a) and 2256.

Gutierrez proceeded to trial, where a jury convicted him of all charges. The Court sentenced him to 360 months in prison. Gutierrez filed a direct appeal, and the Tenth Circuit affirmed by a mandate entered October 6, 2015. The record reflects Gutierrez did not appeal

further. The criminal judgment therefore became final no later than January 5, 2016, following expiration of the ninety-day period for seeking federal certiorari review. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (for habeas purposes, a conviction becomes final "after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the [90-day] time for filing a petition … has passed").

Gutierrez filed his first § 2255 motion on November 25, 2019. He alleged, inter alia, that he is innocent of the crimes due to hydrocodone use and a brain disease caused by the herpes simplex virus. The Court dismissed the first § 2255 motion as untimely on July 9, 2020. (CR Docs. 202, 203). Gutierrez appealed, and the Tenth Circuit affirmed on January 11, 2021. *See U.S. v. Gutierrez,* 833 Fed. App'x 221, 222 (10th Cir. 2021).

Gutierrez filed the instant Motion about three months later, on April 7, 2021. He ostensibly seeks relief under 18 U.S.C. § 3582(c)(1)(B) (sentence modifications based on statute or Fed. R. Crim. P. 35). However, the body of the Motion seeks a sentence modification based on "new character evidence" that negates any sentence enhancements. Gutierrez again argues he "might … not have done the crime due to episodes of dementia/delirium" caused by herpes medication and hydrocodone. (CR Doc. 225 at 3). He also contends the Presentence Investigation Report (PSR) inaccurately suggests he had sexual contact with the victim. The United States filed a response on May 18, 2021 (CR Doc. 224), which seeks dismissal of the Motion as an unauthorized successive habeas petition.

## DISCUSSION

A post-judgment motion should be construed as a successive habeas petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying

2

conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). *See also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (filings are construed under § 2255 when they "collaterally attack the validity of a conviction and sentence"). This includes post-judgment motions where the defendant does not cite 28 U.S.C. § 2255 but "wishes to allege his … sentence was unlawful." *United States v. Nelson,* 465 F.3d 1145, 1148-49 (10th Cir. 2006). The United States contends, and the Court agrees, the Motion should be construed under § 2255. Arguments regarding diminished capacity and PSR errors necessarily attack the validity of the conviction and sentence. Accordingly, the Court construes the Motion as a successive § 2255 habeas filing.

By statute, District Courts have jurisdiction over a defendant's first § 2255 motion. *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). After that, the defendant must obtain authorization from the Tenth Circuit before filing a second or successive § 2255 motion in the District Court. *Id.* The failure to obtain such authorization is a jurisdictional defect barring relief. *See Cline,* 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 … claim until [the Tenth Circuit] has granted the required authorization.").

Where, as here, the defendant files a second § 2255 motion without authorization, the District Court has two options. The Court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so …, or it may dismiss the motion … for lack of jurisdiction." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating a transfer include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. To be meritorious, a second or successive motion must be based on newly discovered

evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h).

Gutierrez relies on a rule of law announced in *U.S. v. Restrepo,* 205 Fed. App'x 811 (11th Cir. 2006). *Restrepo* affirmed the denial of a motion to reduce sentence under § 3582 and has no bearing on this case. Gutierrez also points to the PSR, which is not new, and his remaining "character evidence" just rehashes his original habeas argument "that he lacked the requisite *mens rea* to commit the crimes due to diminished capacity from opiate use" and herpes medication. *U.S. v. Gutierrez*, 833 Fed. App'x 221, 222 (10th Cir. 2021) (summarizing Gutierrez's first § 2255 arguments). A transfer would be futile because the Tenth Circuit has already determined the one-year limitation period has expired. *Id.* Finally, the Court is not convinced Gutierrez filed the Motion in good faith, considering that recent ruling and his attempt to characterize the Motion under an inapplicable statute.

For these reasons, the Court finds a transfer is not in the interest of justice. The Court will dismiss the Motion for lack of jurisdiction and deny a certificate of appealability under Habeas Corpus Rule 11, as this ruling is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

**IT IS ORDERED** that Antonio Gutierrez's Motion to Modify the Terms of Imprisonment Pursuant to 18 U.S.C. § 3582 (**CR Doc. 225; CV Doc. 1**), which is construed as a second 28 U.S.C. § 2255 filing, is **DISMISSED without prejudice** for lack of jurisdiction; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil habeas case.

**SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE